IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DEBORAH GAIL POWELL, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| TRINITY MOTHER FRANCIS HEALTH SYSTEM, | § § | |
| Defendant. | § | JURY REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, DEBORAH GAIL POWELL**, hereinafter referred to as "Plaintiff" in the above-entitled and numbered cause, complaining of **TRINITY MOTHER FRANCIS HEALTH SYSTEM** (hereinafter referred to as "Defendant"), and for cause of action would respectfully show the Honorable Court and Jury the following:

### A. DESCRIPTION OF ACTION

1.  This is a civil action seeking damages from Defendant for committing acts which deprived Plaintiff's rights secured under the Age Discrimination in Employment Act and caused damage to Plaintiff as more fully set forth herein.  Plaintiff complains of Defendant under the Age Discrimination in Employment Act (ADEA), 29 U.S.C.  §691, *et. seq.*

### JURISDICTION AND VENUE

2.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §626.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because all Defendants reside in this district, and the acts giving rise to this action occurred within this district.

## C. PARTIES AND SERVICE

3.      Plaintiff DEBORAH GAIL POWELL is a resident of Wood County, Texas.  At the time of the events complained of herein, Plaintiff was over 40 years of age – Plaintiff was 61 years of age at the time of her termination by Defendant in July, 2012.   Plaintiff was at such times an employee as defined in 29 U.S.C. §630(f) of Defendant.

4.      Defendant TRINITY MOTHER FRANCIS HEALTH SYSTEM is a corporate resident of Smith County, Texas.   Defendant may be served by serving its registered agent Andy G. Navarro, 514 S. Beckham St., Tyler, TX  75702.   At all times pertinent hereto, Defendant was and is an "employer" as defined in 29 U.S.C. §630(b) and was the employer of Plaintiff herein.

## D. FACTUAL BACKGROUND

5.      Plaintiff was a good and faithful employee of Defendant for many years beginning in 1988.   Plaintiff's annual evaluations were always good or excellent with no issues or problems noted.   During her career with Defendant, Plaintiff received several promotions.   In June, 2010, (and until the time of her termination by Defendant) Plaintiff held the position of Office Assistant III and was assigned to the Trinity Clinic Orthopedics which was located in Tyler, Texas, and which was owned and operated by Defendant herein.  At that time, Plaintiff's job duties were primarily checking out patients, answering the phone, and assisting other personnel in checking patients in when those personnel became overwhelmed.  Plaintiff was also assigned other various duties from time to time.

6.      In June of 2010, a new manager was assigned to the clinic where Plaintiff was assigned and problems immediately began.   The manager supervised approximately 25-30 employees at the clinic.  The new manager was a younger person (in her 20's) and immediately began instituting adverse employment actions regarding Plaintiff and other clinic employees who were

over 40 years of age.  These adverse actions occurred with the knowledge and participation of management and supervisory personnel of Defendant who exercised supervisory positions over the aforementioned manager.  Plaintiff began receiving "write-ups" for minor infractions which were not previously subject to such actions. Other employees who were under 40 years of age did not receive adverse actions for similar infractions.  These minor infractions included telephone etiquette, tardiness (during this time, Plaintiff's assigned work hours were frequently changed with little notice to Plaintiff), customer service, computer data entry, leaving a name badge at home, and an alleged rudeness complaint.   Plaintiff's hours and duty assignments were frequently changed in abrupt manners which caused Plaintiff personal scheduling difficulties.  Other employees who were under 40 years of age did not receive such treatment.

7.      Prior to Plaintiff's termination by Defendant's agents and supervisors in July, 2012, Defendant's supervisors and managers engaged in a pattern and practice of discrimination based upon age which was directed toward Plaintiff and toward other employees who were over 40 years of age.  Plaintiff and other employees over the age of 40 were subjected to disciplinary counseling, write-ups, undesirable job assignments and other adverse actions which were not directed toward employees younger than 40 years of age.  Specifically, one worker who was over 60 years of age was transferred to a less desirable position in another city and was replaced by a younger worker who was under 40 years of age.  Another employee who was approximately 45 years of age complained of the discriminatory treatment to Defendant's Human Resources Department and was subsequently terminated for minor or questionable reasons.  This is similar to the events which resulted in Plaintiff's termination.  A surgery nurse who was over 40 years old was terminated and replaced by a younger person who was under 40 years of age. Further, as employment positions became open, only younger applicants were hired to fill those positions.

Powell Original Complaint, page 3

8. In June, 2012, Plaintiff complained to the Human Resources Department of Defendant about the unfair and discriminatory treatment received by Plaintiff and others. On July 5th, 2012, Plaintiff was terminated for the stated reason that she allegedly did not properly enter into computer records the check-in time of an incoming patient. This was in spite of many aggravating factors present that day resulting in the failure to enter the time and in spite of the fact that no patient care was denied or delayed. This was also a common infraction for which other, younger employees were not disciplined.

9. Plaintiff was discharged by Defendant. At the time of the discharge, Plaintiff was qualified for the position and was a member of the pertinent protected class (Plaintiff was over 40 years of age). Plaintiff was discharged due to her age as alleged herein. Further, Defendant hired/transferred a person who was under 40 years of age to assume the position from which Plaintiff was terminated. Thus, Plaintiff presents herewith a prima facie claim of age discrimination in violation of the ADEA.

10. The stated reason of Defendant for the discharge of Plaintiff is pretextual because the reason was so minor that discharge was not merited; younger (under 40) employees were not discharged for similar minor infractions; other older (over 40) employees were discharged and/or disciplined for similarly minor infractions; the pattern and practice of Defendant favoring younger employees and administering disparate negative treatment toward older employees indicates discriminatory motive and intent; and, Plaintiff's discharge was timed so as to indicate retaliation for her complaint of the above disparate treatment.

11. The discriminatory treatment of Plaintiff and other similarly situated employees who were over 40 years of age constituted a willful violation of the ADEA by Defendant as evidenced by the pattern of discriminatory actions taken herein and by the participation of various

supervisory and management personnel of Defendant in the actions and decisions resulting in the discriminatory acts complained of herein.

## CAUSE OF ACTION

12. Plaintiff incorporates and re-asserts the allegations in paragraphs 1-11 as if same were fully set forth herein.

13. Plaintiff has satisfied all jurisdictional prerequisites to perfect her claim under the ADEA.

14. The actions of Defendant as described above constitute intentional age discrimination in violation of 29 U.S.C. §691, *et. seq.*

15. As a result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, pecuniary loss and damages as well as other damages more specifically set forth herein.

## JURY DEMAND

16. Plaintiff respectfully requests a trial by jury of all issues of triable fact.

## PRAYER FOR RELIEF

17. Plaintiff prays that Defendant be summoned to appear and answer and further prays for judgment of the Court awarding Plaintiff the following elements of damages:

   a. Back pay, including, but not limited to lost wages, health care benefits and other employment benefits;

   b. Equitable relief necessary to place Plaintiff in the financial position she would have enjoyed but for Defendant's discriminatory conduct and, if such equitable relief is not available, front pay;

   c. All actual damages as determined by the trier of fact herein;

   d. Liquidated damages in the maximum amount permitted by law;

   e. Compensatory damages in the maximum amount allowed by law;

  f. Punitive damages in the maximum amount allowed by law;

  g. Pre-jusgment and post-judgment interest in the maximum amount allowed by law;

  h. Reasonable attorney's fees and all costs of suit in the maximum amount allowed by law and by this Honorable Court;

  i. Such other and further relief to which Plaintiff may be justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for judgment of the Court as sought herein and for such other relief, both general and special, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        By: **/s/ Joe C. Tooley**
         State Bar No. 20129750
        510 Turtle Cove, Suite 112
        Rockwall, Texas 75087
        (972) 722-1058
        (972) 722-1070 (Facsimile)
        Email:  Joe@TooleyLaw.com

        ATTORNEY FOR PLAINTIFF

Submitted for filing Sept. 9th, 2013.